The defendants, Gering Brothers and Gering Products, Inc., are corporations of this state engaged in the business of storing and treating celluloid and cellulose products. Their place of business is located on Raritan road in Clark township. The neighborhood is sparsely settled by persons conducting for the most part small farms.
This bill is brought to enjoin an alleged nuisance. It is complained that loud noises emanate from the plant of the defendants causing complainants to become nervous and restless; that smoke is emitted from the chimney of the plant which enters the dwelling houses of the complainants and so defiles the atmosphere so that complainants are seized with coughing, choking and nausea. That fires frequently occur in the operation of the defendants' plant causing complainants to live in fear of their safety.
After hearing the witnesses for the complainants and defendants I visited the scene.
The defendants store celluloid and cellulose products in boxes in the open spaces in and around their premises. To prevent fire because of the heat produced by the sun in warm weather the boxes are constantly moistened with water. According to complainants' proof, four or five fires occurred on the premises of the defendants within two years, while the defendants say that a fire occurred June 16th, 1939, which affected the premises of some of the complainants because at the time there was a gale blowing which interfered with the proper control of the fire. As to this I conclude that what happened on that occasion would happen anywhere under similar atmospheric conditions. It is also admitted that there was a brush fire on July 9th, 1939, which was quickly extinguished by the fire fighting equipment maintained by the defendants. But I am satisfied that there were other fires of a lesser degree than that which occurred on June 16th, 1939. *Page 76 
The noises of which the complainants complain are occasioned by the operation of an electric cutting machine which, on my visit to the plant was operated at full speed. This machine is anchored on a concrete foundation which eliminates vibration, and the noises emanating therefrom at a point where the home of the complainant nearest to the plant is located may be likened to the noise emanating from an aeroplane at a great altitude. The boiler which is used by the defendants as an incinerator to burn waste products was also in operation at the time of my visit to the plant and the smoke arising therefrom emitted no soot nor was their any odor.
I am satisfied as a matter of fact from the evidence that the noises, smoke and fumes complained of are not such as to interfere with the health, peace and comfort of complainants in the enjoyment of their homes.
As to the fires it is the law that increased danger of fire is not sufficient reason to restrain that which causes the increase of danger. There is no evidence before me that on the occasion when any of these fires occurred that the lives of complainants were in danger. If that were so a different situation would be presented. If this were a case where explosive forces instantly prostrate everything near them, as in the instances of powder, nitroglycerine and the like, the situation would be different. In the instant case the plant of the defendants is located in what may be aptly described as a country site as distinguished from a thickly built up portion of a city. The fires complained of here are neither serious nor a menace to the property or lives of complainants as was the fact in the case of O'Hara v. Nelson,71 N.J. Eq. 161; 63 Atl. Rep. 836, a case on which reliance was placed by the complainants.
Whether this plant as conducted by the defendants is a nuisance depends upon the locality, the surrounding circumstances, and the method and manner of keeping and using celluloid and cellulose. Considering these factors, I will advise a decree dismissing the bill of complaint. *Page 77